# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:18-CR-00024- |
| | § SDJ-AGD |
| KYLE WAYNE LEE (1) | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Kyle Wayne Lee's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on November 1, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglass Schopmeyer of the Federal Public Defender's Office. The Government was represented by Matt Johnson.

Defendant was sentenced on September 6, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The original guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Defendant was subsequently sentenced to 30 months imprisonment, followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment. On May 23, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On October 6, 2022, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On August 31, 2023, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #37, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Standard Condition #2</u> – After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (2) <u>Standard Condition #13</u> – Defendant must follow the instructions of the probation officer related to the conditions of supervision; (3) <u>Special Condition</u> – Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medications as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (4) <u>Special Condition</u> – Defendant must submit to substance abuse testing, under the guidance and direction of the U.S. Probation Office; and (5) <u>Mandatory Condition #1</u> – Defendant must not commit another federal, state, or local crime (Dkt. #37 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to report as directed to the probation office on August 1, 2022. Defendant failed to submit a monthly report form in August and September 2022; (2) A voice message was left for Defendant on July 5, 2022, and July 27, 2022, instructing him to contact the probation office. An email was sent to him on July 27, 2022, and a card was left on his front door on August 24, 2022, instructing him to contact the probation office. Defendant failed to respond to these messages; (3) Defendant failed to report for his scheduled mental health assessment on July 25, 2022, and did not reschedule; (4)

Defendant failed to report for drug testing as directed on June 23, July 1, July 5, July 18, July 26, August 12, August 16, August 25, August 29, September 6, and September 15, 2022; and (5) On November 3, 2022, Defendant was arrested by the Cameron Police Department in Milam County, Texas, for Possession of a Controlled Substance < 1 Gram. On January 23, 2023, Defendant was convicted of the offense, and he was sentenced to one year in jail.

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 5 of the Petition. Having considered the Petition and the plea of true to allegation 5, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fourteen (14) months, with no term of supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 29th day of December, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE